

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



DOCKETED
OCT - 2 2002

| | |
|---|---|
| SUNSTAR, INC.,<br><br>                              Plaintiff,<br><br>-against-<br><br>ALBERTO-CULVER COMPANY, INC.<br>and BANK ONE CORPORATION f/k/a<br>FIRST NATIONAL BANK OF CHICAGO,<br><br>                              Defendants. | Civil Action No. 01 C 0736<br><br>Judge Lindberg |

- *and* -

| |
|---|
| ALBERTO-CULVER COMPANY, a Delaware<br>corporation,<br><br>                              Plaintiff,<br><br>-against-<br><br>SUNSTAR, INC., a Japanese corporation, SUNSTAR<br>GROUP COMPANY, (f/k/a Alberto-Sunstar Co., Ltd) a<br>Japanese corporation, KANEDA, KASAN,<br>KABUSHIKI KAISHA, a Japanese corporation, and<br>BANK ONE, NATIONAL ASSOCIATION, as Trustee<br>under Trust Agreement No. 22-81196, dated February<br>27, 1980, a national banking association,<br><br>                              Defendants. |

**F I L E D**

OCT 0 1 2002

**MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT**

Civil Action No. 01 C 5825

Judge Lindberg

## MEMORANDUM OF SUNSTAR, INC. AND KANEDA, KOSAN KABUSHIKI KAISHA IN OPPOSITION TO BANK ONE'S AND ALBERTO-CULVER'S MOTIONS TO STRIKE

Sunstar, Inc. ("Sunstar") and Kaneda, Kosan Kabushiki Kaisha ("KKKK") respectfully submit this memorandum in opposition to the motions of Bank One, N.A. ("Bank One") and Alberto-Culver Company ("Alberto") to strike certain specified portions of the memoranda of Sunstar and KKKK in opposition to Bank One's and Alberto's summary judgment motions.

## Preliminary Note:  This Is *Not* an Unopposed Motion

Alberto's Notice of Motion states incorrectly in the last paragraph that "all counsel of record have consented to the motion and have authorized Alberto to advise the Court that it does [sic] not oppose the motion."  Counsel for Sunstar/KKKK was not consulted about this motion, did not consent to it, and did not authorize Alberto to advise the Court that Sunstar/KKKK did not oppose the motion.  Immediately upon receipt of Alberto's Notice of Motion, counsel for Sunstar/KKKK faxed Alberto's counsel a letter (copy attached as Exhibit A) advising that this erroneous statement had been included in Alberto's Notice of Motion and requesting that all necessary steps be taken immediately to advise the Court of the true state of affairs and to timely submit an appropriate corrected notice of motion.

## Background to the Motions to Strike

The parties are currently involved in briefing a number of overlapping summary judgment motions in this case.  Summary judgment motions were filed on September 11, 2002.  Opposing papers were filed on September 25, 2002.  Reply papers are due on October 2, 2002.  The pending summary judgment motions are as follows:

- Sunstar moved for summary judgment to dismiss Alberto's claims in the Alberto action.

- Alberto conversely moved for summary judgment granting it judgment as a matter of law in the Alberto action, and dismissing Sunstar's claims in the Sunstar action.

- Bank One likewise moved for summary judgment to dismiss Sunstar's claims in the Sunstar action.

The subject matter of these motions obviously overlap extensively.  They concern the interpretation of the parties' contracts, whether the Court is able to make such interpretations as a matter of law or whether such interpretations raise disputed questions of fact that preclude summary judgment on particular issues.  In its briefs in opposition to the Bank One and Alberto-Culver summary judgment motions, Sunstar identified a number of these overlaps in issues and pointed out where in the papers they had been discussed elsewhere.  Nothing in any of Sunstar's briefs purported to "incorporate by reference" other documents into Sunstar's briefs.

In their motions to strike, Bank One and Alberto argue that for Sunstar/KKKK to bring these circumstances to the Court's attention and to advise the Court that arguments

2

discussed in one summary judgment motion necessarily also were pertinent to issues raised in other summary judgment motions amounts to an "incorporation by reference" that makes Sunstar/KKKK guilty of violating the Court-ordered 25-page limit for summary judgment opposition briefs, even though the briefs in question were 25 pages.

**There Is No Legal Basis for Striking Portions
of Sunstar's Briefs Under These Circumstances**

There is no legal basis whatsoever for the relief that Bank One and Alberto seek on these motions. Alberto and Bank One are co-defendants who have worked together hand in glove in this litigation under a self-proclaimed "joint defense" relationship. (See, e.g., Statement of Undisputed Facts of Defendants Sunstar, Inc. and Kaneda, Kosan, Kabushiki Kaisha, dated September 11, 2002, ¶ 63 (copy of relevant excerpt attached as Exhibit B.) On their instant motions, Alberto and Bank One do not identify a single authority which stands for the proposition that when multiple parties are simultaneously briefing multiple summary judgment motions in the same case which address the same legal issues, it constitutes a page-limit violation to apprise the Court of the overlap of issues between co-defendants' summary judgment motions, and to explain that an argument made in one of those motions necessarily also must control the outcome of that same issue in another of the motions. Alberto and Bank One likewise cite no authority for the suggestion that a party in those circumstances is required to burden the Court with duplicative submissions on the same legal issues.

In fact, this Court has held that even when a party expressly stated in its papers that it was referring the Court to other documents "for other aspects" of its motion in order "to avoid exceeding the page limits on briefs," the Court nevertheless would not deem those referenced arguments to have been "abandoned." McKay v. Town and Country Cadillac, Inc., No. 97 C 2102, 2002 WL 1285065, at *3 n.1 (N.D. Ill. June 7, 2002) (copy annexed as Exhibit C). Thus, any hope that Bank One or Alberto may be entertaining that they could now win their summary judgment motions by getting this Court to deem Sunstar to have abandoned its arguments or not to have opposed particular aspects of those summary judgment motions is without basis.

The cases cited by Alberto (Bank One cites no cases in its motion) do not purport to address the circumstances presented in this case. Moreover, some of those cases expressly contradict the very argument that Alberto and Bank One make on this motion and show courts

3

giving full consideration to referenced material that supposedly constituted a page-limits violation. For example, Zurich Ins. Co. v. Baxter Int'l Inc., 655 N.E.2d 1173 (Ill. App. 2d Dist. 1995), cited by Alberto (Alberto Motion, ¶ 4), involved a motion by plaintiff Zurich objecting to claimed "incorporation" of additional pages in a brief that was filed by defendant Baxter, which pages related to issues of "necessary parties, representation and class action issues." Id. at 1176. What the Court in Zurich did, however, was simply to grant Baxter's motion "to notify the court of a factual error" that appeared in Zurich's papers as to the counting of the supposedly-incorporated pages, finding that Zurich had engaged in some degree of "double-counting." Id. As for the material that Baxter allegedly had incorporated improperly in its papers, however, the Court did not strike it. To the contrary, it expressly confirmed that "we have considered the incorporated necessary parties, representation and class action arguments as requested by Baxter in its brief." Id. Zurich, if anything, shows that there is no basis to strike anything from Sunstar's briefs.

Swanson v. United States Forest Service, 87 F.3d 339 (9th Cir. 1996), likewise has no relevance to the facts here. Swanson involved a party's fairly contumacious attempt to circumvent a district judge's denial of a motion for permission to file an oversize brief. Id. at 345. It has nothing to do with overlapping submissions during multi-party summary judgment motion practice.

While Alberto cites Dority v. City of Chicago, No. 98 C 4893, 2001 U.S. Dist. Lexis 15736 (N.D. Ill. Sept. 28, 2001), for the unremarkable proposition that inadmissible hearsay and unauthenticated documents are not properly considered on a summary judgment motion, id. at *4, nothing in that case purports to apply that rationale to bar references in one summary judgment brief to discussions of identical legal issues in a concurrent summary judgment brief, on the grounds that such references constitute resort to hearsay or inadmissible evidence. Id. Likewise, Box v. A&P Tea Co., 772 F.2d 1372 (7th Cir. 1985), does not address the issue of references in one brief to material from another; it simply rejects an attempt by a plaintiff to alter or amplify her deposition testimony by introducing brand-new factual assertions in her appellate reply brief, id. at 1379 n.5, which plainly has nothing to do with the circumstances at issue here.

## Bank One's Motion to Strike

Bank One's motion objects to a portion of pages 6-7 of Sunstar's Memorandum of Law in Opposition to Bank One's Motion for Summary Judgment, dated September 25, 2002 (copy of pages marked to show objected-to portion attached as Exhibit D). In those pages, Sunstar noted that Bank One's summary judgment motion raised certain issues as to the interpretation of the parties' contracts were the same as issues that had been raised in Alberto's summary judgment motion. Sunstar then made the unsurprising point that the same arguments that precluded Alberto from obtaining summary judgment on these issues necessarily would preclude Bank One from obtaining summary judgment on these same issues and arguments. In the passage which Alberto seeks to strike, Sunstar in fact specifically identifies the reasons why Bank One could not obtain summary judgment on these same issues and arguments, and points out that that a fuller discussion of them appeared in Sunstar's opposition to Alberto's summary judgment motion.

Bank One's motion seeks to strike from Sunstar's brief all mention of these matters:

- Bank One seeks to strike Sunstar's advising the Court that the issue in the two motions is the same and needs to be resolved in a consistent manner across the entire case.

- Bank One seeks to strike Sunstar's advising the Court, even in an abbreviated fashion, of the reasons why Sunstar's contends Bank One's position on these issues must fail.

- Bank One seeks to strike Sunstar's advising the Court that it has addressed these issues in more depth in its response to Alberto's summary judgment motion.

Even under Bank One's "incorporation by reference" argument, there is no basis for striking the portion of Sunstar's brief where Sunstar advises the Court that multiple summary judgment motions in the case are raising the same legal issues. Nor is there any basis under Bank One's "incorporation by reference" argument for striking the portion of Sunstar's brief where Sunstar identifies in summary fashion the specific reasons that call for denial of Bank One's motion for summary judgment on these issues.

These matters are Sunstar's argument. Sunstar is entitled to present them to the Court, even in an abbreviated fashion. Bank One is not entitled to insist that the Court disregard

them. The fact that Sunstar's argument of those issues may make reference to other documents does not make those arguments "abandoned" in any way. McKay, 2002 WL 1285065, at *3 n.1. These arguments are spelled out in Sunstar's brief and it is up to Bank One to decide what response they merit on reply.

The only point even possibly remaining is Sunstar's specifically referring the Court to the fuller discussion of identical issues that appear in other concurrent summary judgment briefs. But even if the Court were to take the position that doing this amounted to an improper "incorporation by reference" of additional pages of detail into Sunstar's brief, at most the only permissible remedy would be to strike the specific phrases or sentences which refer the Court to those other briefs, so as to eliminate the supposed "incorporation by reference."

And yet supposing that the Court did formally strike those specific phrases or sentences, what would this actually accomplish?

- Does Bank One believe that the Court is so unperceptive that it never would be able to "connect the dots" regarding the similarity and overlap between the arguments in the various summary judgment briefs, if it not expressly alerted by Sunstar in its brief?

- Does Bank One believe that the Court would not otherwise have read the other summary judgment briefs, if those briefs had not been referenced by Sunstar in its opposition to Bank One's summary judgment motion?

- Does Bank One believe that the Court is going to take the same contractual provisions and interpret them one way as a matter of law for the purpose of one summary judgment motion, and then interpret those same provisions as a matter of law differently for another summary judgment motion in the same case, because Sunstar's discussion of those identical issues was more detailed in one brief than in another?

To put it bluntly, the underlying premise of Bank One's motion to strike appears to be a somewhat insulting commentary upon the ability and intelligence of the Court. Because it is clear that striking the supposed "incorporation by reference" phrases or sentences would have no practical impact on the Court's resolution of these overlapping summary judgment motions, Bank One's motion is at best a moot exercise and should be denied.

## Alberto's Motion to Strike

Alberto likewise complains in passing about a reference by Sunstar to the fact that certain of the legal issues raised by Alberto's summary judgment motion are necessarily disposed

of by the discussion of the identical issues in the context of the Bank One summary judgment motion. (Alberto Motion ¶ 3.) For the same reasons as discussed above, there is nothing improper about Sunstar's doing so, and striking the references would have no practical impact on this Court's disposition of the summary judgment issues, since the Court will obviously make a single unified and comprehensive ruling on those issues for the case as a whole.

The main focus of Alberto's motion to strike, however, is somewhat different. It is directed to references in Sunstar's brief in opposition to Alberto's summary judgment motion — and in Sunstar's Rule 56.1 counter-submission — to briefs that previously were filed in connection with Sunstar's earlier motion for judgment on the pleadings. The material to which Alberto objects was properly referenced in both places.

One of Sunstar's arguments in response to Alberto's summary judgment motion was to point out that Alberto was seeking the Court to make certain rulings about the parties' contracts as a matter of law, even though the Court previously had found disputed issues of material fact on those same issues when it previously examined those contracts in the context of deciding Sunstar's motion for judgment on the pleadings. (See Sunstar's Memorandum of Law in Opposition to the Motion of Alberto-Culver Company for Summary Judgment, dated September 25, 2002, Point II.A.1.(a), pp. 2-3 (copy of relevant pages attached as Exhibit E).) To support this point factually, briefs and other materials from the earlier motion for judgment on the pleadings, along with the ruling on that motion, were submitted as factual material to make clear the facts and issues that this Court had before it when deciding that earlier motion. Sunstar's Rule 56.1 counter-submission on Alberto's summary judgment motion makes clear that these exhibits were being submitted for this purpose. (See Counter-Statement of Material Facts of Sunstar, Inc. and Kaneda, Kosan, Kabushiki Kaisha in Opposition to the Motion of Alberto-Culver Company for Summary Judgment, dated September 25, 2002, ¶¶ 222-224 (copy of relevant page attached as Exhibit F).)

Under these circumstances, these earlier briefs do function here as material facts and admissible evidence relevant to the Court's disposition of the pending motions. Accordingly, there is no basis for these earlier briefs to be stricken from Sunstar's exhibits in opposition to Alberto's summary judgment motion.

Alberto also objects to the fact that in several places in Sunstar's brief in opposition to Alberto's summary judgment motion, Sunstar included references to pages from

7

those earlier briefs which discussed at greater length the same issues as are now being raised on summary judgment, claiming that this amounts to an "incorporation by reference" that creates a page-limits violation. Of course, the first and primary such reference was in Sunstar's argument that the Court had already found disputed issues of material fact on the very issues raised by Alberto's summary judgment motion. (See Exh. F.) This is obviously proper argument supported by citation to the relevant underlying factual material.

Nor is there anything improper with Sunstar's assisting the Court by bringing to the Court's attention the fact that in additional places certain of the arguments relevant to the current summary judgment motion are the same as arguments that the Court previously saw in lengthier form and dealt with on an earlier motion in this action. There is thus no basis to strike these references. Moreover, as Alberto itself admits, Sunstar's summary judgment opposition brief already sets forth those same basic arguments (Alberto Motion ¶ 3), and thus striking the references to that other material would again have no practical effect. Sunstar's summary judgment opposition brief does not purport to formally incorporate those referenced passages as a part of Sunstar's brief on the pending summary judgment motion.

If the Court feels that including references to the particular pages of prior briefs that included discussion of similar issues amounts to an improper "incorporation by reference," then the Court is obviously free not to read the referenced pages when considering Alberto's summary judgment motion. However, there is no basis to strike Sunstar from advising the Court of the fact of the overlaps in arguments, and Sunstar's brief did not purport to formally incorporate those passages by reference in any event.

Alberto is not faced with any prejudice here.[1] Alberto complains that it would be prejudiced in reply because it cannot respond by making corresponding references to its own papers from the earlier motion for judgment on the pleadings, claiming that it never had an opportunity to respond to Sunstar's reply papers from that motion. (Alberto Motion ¶ 6.) This is untrue. Alberto neglects to mention that it successfully moved this Court for the extraordinary

---

[1] Alberto is also incorrect in suggesting that Swanson holds that a showing of prejudice is not required in these circumstances. Swanson says nothing about this issue. 87 F.3d at 345.

relief of being permitted to make an additional submission responding to Sunstar's reply papers on that motion. (See Transcript of Proceedings for 6/19/02 (copy attached hereto as Exhibit G).) Alberto thereafter submitted lengthy and detailed papers in response to Sunstar's reply papers. Alberto is obviously free to remind the Court now what its sur-reply papers from the earlier motion said.

**CONCLUSION**

Bank One's and Alberto's motions to strike are little more than a time-wasting exercise that will have no practical effect upon the outcome of the pending summary judgment motions. Sunstar plainly has not abandoned or failed to make legal arguments as to the points of its briefs where the allegedly improper references to other documents appear, and this Court will necessarily issue a unified and consistent ruling with respect to the issues in this case across all the parties' various summary judgment motions. The motions to strike should therefore be denied in all respects.

Respectfully submitted,

SUNSTAR, INC. and
KANEDA, KOSAN KABUSHIKI KAISHA

Dated: October 1, 2002

By: _____
    One of Their Attorneys
Timothy T. Patula
Charles T. Riggs, Jr.
Carolyn C. Andrepont
PATULA & ASSOCIATES, P.C.
116 South Michigan Avenue, 14th Floor
Chicago, Illinois 60603
(312) 201-8220

OF COUNSEL:

Robert A. Schwinger
CHADBOURNE & PARKE LLP
30 Rockefeller Plaza
New York, New York  10112
(212) 408-5100

William S. D'Amico
CHADBOURNE & PARKE LLP
1200 New Hampshire Ave., N.W.
Washington, D.C.  20036
(202) 974-5600

## CERTIFICATE OF SERVICE

Carolyn C. Andrepont, certifies that on this 1st day of October, 2002, she caused a true and correct copy of the foregoing **MEMORANDUM OF SUNSTAR, INC. AND KANEDA, KOSAN KABUSHIKI KAISHA IN OPPOSITION TO BANK ONE'S AND ALBERTO-CULVER'S MOTIONS TO STRIKE** to be served via messenger, upon the following:

Craig S. Fochler, Esq.
John S. Letchinger, Esq.
Wildman, Harrold, Allen & Dixon
225 West Wacker Drive, 30th Floor
Chicago, Illinois 60606-1229


John Bostjancich, Esq.
Patricia S. Smart, Esq.
Smart & Bostjancich
19 S. LaSalle Street, Suite 1300
Chicago, Illinois 60603


Carolyn C. Andrepont

# See Case

# File For

# Exhibits