| Minute Order Form (06/97) | | | | |
|---|---|---|---|---|
| **United States District Court, Northern District of Illinois** | | | | |
| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | | |
| CASE NUMBER | 01 C 736 & 01C 5825 | DATE | 7/31/2003 | |
| CASE TITLE | Sunstar, Inc. vs. Alberto-Culver Co., Inc.,et al<br>Alberto-Culver Co., Inc.,et al v. Sunstar, Inc., et al | | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____ .
(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____ .
(4) ☐ Ruling/Hearing on _____ set for _____ at _____ .
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .
(7) ☐ Trial[set for/re-set for] on _____ at _____ .
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____ .
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: the Court denies without prejudice Movants' Motion for Reassignment Based on Relatedness [0-1].

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | AUG 1 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 137 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | U.S. DISTRICT COURT CLERK | | |
| TBK | courtroom deputy's initials | 03 JUL 31 PM 4:45 | date mailed notice | |
| | | FILED FOR DOCKETING | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| SUNSTAR, INC., <br><br> Plaintiff, <br><br> v. <br><br> ALBERTO-CULVER COMPANY, INC. <br> and BANK ONE CORPORATION f/k/a FIRST <br> NATIONAL BANK OF CHICAGO, <br><br> Defendants. | Civil Action No. 01 C 0736 <br><br> Judge Guzman |



*- and -*

| | |
|---|---|
| ALBERTO-CULVER COMPANY, a Delaware Corporation, <br><br> Plaintiff, <br><br> v. <br><br> SUNSTAR, INC., a Japanese corporation, SUNSTAR GROUP COMPANY (f/k/a Alberto-Sunstar Co., Ltd.), a Japanese corporation, KANEDA, KASAN, KABUSHIKI KAISHA, a Japanese corporation, and BANK ONE, NATIONAL ASSOCIATION, as Trustee under Trust Agreement No. 22-81196, dated February 27, 1980, a national banking association, <br><br> Defendants. | Civil Action No. 01 C 5825 <br><br> Judge Guzman |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Sunstar, Inc. and Kaneda, Kosan, Kabushiki Kaisha's Motion for Reassignment Based on Relatedness pursuant to Local Rule 40.4 between *Alberto-Culver Co. v. Sunstar*, No. 03 C 0123 ("*Alberto II*") and two previously consolidated cases

pending before this Court – *Sunstar v. Alberto-Culver Co.*, No. 01 C 0736 (the "*Sunstar* Action") and *Alberto-Culver Co. v. Sunstar*, No. 01 C 5825 ("*Alberto I*") (collectively, the "Consolidated Cases"). For the following reasons, the Court denies Movants' motion without prejudice.

## BACKGROUND

In February 1980, Sunstar, Inc. ("Sunstar"), Alberto-Culver Company ("Alberto"), and Bank One, National Association f/k/a First National Bank of Chicago ("Bank One") entered into various agreements regarding the sale of Japanese VO5 trademarks (the "1980 Agreements"). Specifically, Alberto sold and assigned certain Japanese VO5 trademark registrations (the "Licensed Trademarks") to Sunstar, to be held in trust by Bank One as Trustee for Sunstar's benefit for 99 years. Concurrently, the Trustee granted Sunstar a 99-year exclusive Japanese trademark license for the Licensed Trademarks in Japan. After the 99-year term of the license was over, Sunstar would assume full legal title to the Licensed Trademarks. (Sunstar's Mot. for Reassignment Based on Relatedness, Ex. E, at 3.)

In 1999, a dispute developed between Sunstar and Alberto regarding whether a particular mark that Sunstar was using in Japan (the "1999 Mark") was or was not within the scope of Sunstar's license rights under the 1980 Agreements. That dispute gave rise to the *Sunstar* Action and *Alberto I*, which cases currently are pending before this Court and were consolidated in August 2001. (*Id.*)

The *Sunstar* Action was filed in February 2001. In that action, Sunstar asserted various tort and contract claims against Alberto and Bank One arising from Bank One's suspension of Sunstar's license rights under the 1980 Agreements. The alleged ground for Bank One's suspension of Sunstar's license rights was Sunstar's use of the 1999 Mark in violation of the

1980 Agreements. In response to Sunstar's complaint, Alberto filed affirmative defenses and counterclaims, and it initiated *Alberto I*. (*Id.* at 5.)

In *Alberto I*, which was attached to the *Sunstar* Action as a related case in July 2001, Alberto complained that Sunstar's use of the 1999 Mark was a supposed breach of the 1980 Agreements. It sought an injunction preventing Sunstar from using the 1999 Mark or the Licensed Trademarks and requested termination of the License Agreement. The Consolidated Cases proceeded through discovery. Then, following the close of discovery, Alberto moved to amend the *Alberto I* complaint. Therein, Alberto sought to add counts alleging Sunstar's failure to keep the Licensed Trademarks in continuous use in violation of Japanese trademark-use requirements and alleging Sunstar's submission of false use certificates in violation of the 1980 Agreements. *Id.* at 9. The court denied leave to amend, specifically stating that discovery had closed and "the date for amendment of the pleadings ha[d] far passed." (Order denying Pl.'s Mot. for Leave to Amend Its Compl., Affirmative Defenses, and Countercls. (Oct. 29, 2002) (the "Oct. 29, 2002 Order").)

*Alberto II* is presently pending before another judge of this Court. In *Alberto II*, Alberto raised issues virtually identical to those contained in its proposed amendment to the *Alberto I* complaint, which the court denied leave to amend on October 29, 2002.

By the instant motion, Movants' seek to reassign *Alberto II* based on relatedness with the Consolidated Cases.

## DISCUSSION

To reassign a case under LR 40.4, Movants must satisfy the requirements of LR 40.4(a) and LR 40.4(b). First, LR 40.4(a) provides that "[t]wo or more civil cases may be related if one or more of the following conditions are met: (1) the cases involve the same property; (2) the

3

cases involve some of the same issues of fact or law; (3) the cases grow out of the same transaction or occurrence; or (4) in class action suits, one or more of the classes involved in the cases is or are of the same."

Here, *Alberto II* meets the requirements of LR 40.4(a) for relatedness. It is undisputed that the *Sunstar* Action, *Alberto I*, and *Alberto II* each arise from a dispute surrounding Sunstar's use of the 1999 Mark and the parties' rights in the Licensed Trademarks. Further, each case has at its core a claim for breach of the 1980 Agreements, and none are class actions suits. Thus, LR 40.4(a) is satisfied.

Second, LR 40.4(b) requires that each of the following four criteria be met: "(1) both cases are pending in this Court; (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort; (3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and (4) the cases are susceptible of disposition in a single proceeding."

Here, the first and fourth conditions are satisfied. *Alberto II* and the Consolidated Cases are pending before the United States District Court for the Northern District of Illinois and, had the cases been brought together in a timely manner, they likely would have been susceptible of disposition in a single proceeding. The cases, however, fail to satisfy the second and third conditions of LR 40.4(b).

The Court finds that LR 40.4(b)(3), which requires Movants to show that the Consolidated Cases have not progressed to the point where designating *Alberto II* as related would delay the proceedings in the Consolidated Cases substantially, has not been met. Discovery closed in the Consolidated Cases approximately one year ago; dispositive motions

4

were ruled upon on November 7, 2002. A trial date was initially set in the Consolidated Cases for November 25, 2002, and they were transferred to this Court on November 14, 2002, specifically for trial. Although a new trial date has not yet been set, the Consolidated Cases have progressed to the eve of trial, whereas *Alberto II* is merely six months old and pending on preliminary motions. *See Erwin v. City of Chicago*, No. 90 C 905, 1998 WL 801830, at *2 (N.D. Ill. Nov. 12, 1998) (denying reassignment where one case had progressed to the eve of trial but the other had not); *Robinson v. Burlington N.R..R..*, No. 95 C 6781, 1997 U.S. Dist. LEXIS 7886, at *4 (N.D. Ill. June 3, 1997) (denying reassignment where cases were not proceeding at the same pace); *S Indust. v. GMI Holdings*, No. 96 C 2232, 96 C 4140, 1996 U.S. Dist. LEXIS 18285, at *5 (N.D. Ill. Dec. 5, 1996) (same). Should *Alberto II* be reassigned based on relatedness to the *Sunstar* Action and *Alberto I* at this time, it would inevitably lead to substantial delay in disposition of these earlier cases.

Next, this Court finds there would be no "substantial" saving of judicial time and effort as required by LR 40.4(b)(2). To the contrary, because the Consolidated Cases have progressed to the eve of trial and *Alberto II* is at the pleadings stage, reassigning *Alberto II* based on relatedness would not only delay the proceedings in the Consolidated Cases but it would be an inefficient use of judicial time. *Id.* Moreover, a decision rendered in the Consolidated Cases could collaterally estop relitigation of those issues in *Alberto II*, and the court could apply those rulings when deciding this latter-filed case. *See Research Res. v. Dawn Food Prods.*, No. 01 CV 1906, 2001 WL 1223556, at *9 (N.D. Ill. Oct. 11, 2001).

Even if Movants could satisfy LR 40.4(b)(2) and (3) on the merits, judges of this Court have interpreted LR 40.4(c) to impose an obligation on Movants to specifically identify why each of the four conditions for reassignment under LR 40.4(b) is met. Here, Movants failed to

comply with LR 40.4(c) because Movants' motion merely asserts conclusions of law without more. *See Davis v. Quebecor World*, No. 01 C 8014, 2002 WL 27660, at *3 (N.D. Ill. Jan. 10, 2002) (denying reassignment where movant failed to explain relatedness in sufficient detail to satisfy LR 40.4(c)); *Daniels v. Pipefitters' Ass'n Local Union No. 597*, 174 F.R.D. 408, 411 (N.D. Ill. 1997) (denying reassignment where movant failed to specifically explain how the conditions for reassignment were met, but rather made general conclusory assertions that the conditions were met). "This Court will not stray from the holdings of those courts so as to lower the bar for pleading under LR 40.4(c), which requires [Movants] to explicitly articulate reasons that satisfy each of the four LR 40.4(b) conditions." *Lawrence E. Jaffe Pension Plan v. Household Int'l*, No. 02 C 5893, 2003 WL 21011757, at *3 (N.D. Ill. May 5, 2003).

Finally, a judge of this Court previously denied Alberto leave to amend its complaint in the Consolidated Cases. (Oct. 29, 2002 Order.) The recently-filed *Alberto II* complaint is comprised of issues virtually identical to those contained in its proposed amendment to the *Alberto I* complaint. Therefore, this Court finds *Alberto II* is an inappropriate attempt to circumvent this Court's Order of October 29, 2002.

Movants in this case have failed to demonstrate how the handling of both cases by this Court is likely to result in a substantial saving of judicial time and effort and that the Consolidated Cases have not progressed to the point where designating *Alberto II* as related would be likely to delay the proceedings in the Consolidated Cases substantially. Further, this Court will not entertain Alberto's thinly-veiled attempt to circumvent its Orders.

## CONCLUSION

For the foregoing reasons, the Court denies without prejudice Movants' Motion for Reassignment Based on Relatedness [#0-1].

So Ordered.　　　　　　　　　　　Entered: *Ronald A. Guzman*
　　　　　　　　　　　　　　　　　　Ronald A. Guzman
　　　　　　　　　　　　　　　　　　United States Judge

Dated: July 31, 2003